LEMUEL MARQUÉS ABRAMS ET UX., Plaintiffs and Appellants, *v.* HEIRS OF PEDRO GIUSTI, INC., Defendant and Appellee.

No. 6466.  Argued May 1, 1934.—Decided June 22, 1934.

*José C. Rivera* for appellants.  *Edelmiro Martínez Rivera* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Plaintiffs in this case appealed from the judgment rendered in the same by which the complaint was dismissed because the same did not state sufficient facts to constitute a cause of action.

The spouses Lemuel Marqués Abrams and Dolores Campillo sued the corporation Heirs of Pedro Giusti, Inc., requesting that the court declare the nullity of a summary foreclosure proceeding brought by the defendant corporation in the District Court of San Juan against the present plaintiffs to recover a mortgage debt and in which the mortgaged property was sold at auction and was adjudicated to defendant. As grounds for the nullity the complaint alleges that the mortgage deed which served as basis for the foreclosure proceeding of the mortgage claimed to have been originally executed by the plaintiffs and which is found in the record of said suit and was offered as a necessary document for the issuance of the demand for payment, is a document which can not

have the nature of a public document because it lacks the signature of the witness Alfredo Vera.

The defendant corporation filed a demurrer against said complaint on the ground that it did not state sufficient facts to constitute a cause of action. The District Court of San Juan sustained said demurrer and allowed the plaintiffs time to amend the complaint but they waived it and requested the court to render judgment, which was done and the complaint was dismissed with costs. Against said decision the plaintiffs took the present appeal.

According to our Notarial Law documents executed before a notary are not delivered to the parties but are kept by him to constitute his protocol. Only copies of said documents certified to by him or by his legal substitute are delivered to the parties. The protocols so signed are the property of the People of Puerto Rico. Sections 9, 23, 28, and 38 of the Notarial Law. Said certified copies are admissible in the courts. Section 24 of the Law of Evidence. A mortgage, which creates real rights on real property must be constituted by a public document. Section 1232 of the Civil Code, Edition of 1930; and the documents in which a notary intervenes must be governed by the Notarial Law. Section 1171 of the Civil Code. Section 13 of the Notarial Law provides that two witnesses are necessary in a deed, except what is provided by law for special cases; and Section 20 declares null the public instruments in which the signatures of the witnesses do not appear. According to Section 1177 of the Civil Code a defective deed by incompetency of the notary or by error of form will be considered as a private document, if signed by the parties.

The initial petition in a summary foreclosure proceedings must be accompanied by the mortgage deed; and in view of the same the court will grant or deny the demand for payment, which is the first step in a summary foreclosure proceeding. Sections 728 of the Mortgage Law and 160 of the Mortgage Regulations.

In order to decide a demurrer filed against the complaint the facts alleged therein must be accepted as true, for which reason the lower court must have accepted as true, that the deed which was offered in the foreclosure proceeding sought to be annuled, did not have the signature of one of the witnesses, as alleged in the complaint. To decide this appeal, we also, must do so. The lack of said signature makes the mortgage deed null as a public document, by express provision of the law. As said document was presented to the court in the foreclosure proceeding and as it necessarily was based on said instrument when issuing the demand for payment and the public sale of the property object of the proceeding, we must reach the conclusion that said foreclosure proceeding is null and hence the complaint states a cause of action.

The copy certified to by the notary has the presumption of being correct, but even if it was incorrect by the omission of the signature of the witness Alfredo Vera, still the foreclosure proceeding would be null as the instrument that served as basis for the court to authorize the foreclosure was an instrument in which the signature of a witness did not appear.

In the record we find the notarial copy which was offered in the foreclosure proceeding, certified to by the clerk of the lower court and which appellants state in their brief they accompanied as an exhibit. From it, it appears that at the end of the instrument the notary states that he read the document to the parties and the witnesses, that it was accepted by the former and signed by all; to all of which and to whatever else is contained in the public document the notary certifies. Such statement did not destroy the fact that it did not appear from said copy that the deed was signed by the witness Alfredo Vera, more so when said statement is made by the notary before the deed has been signed, which signatures appear after said statement of the Notary.

The lower court erred in declaring that the complaint did not state sufficient facts to constitute a cause of action and in rendering judgment on said ground dismissing the complaint, as well as in imposing the costs on plaintiffs.

The case must be remanded to the lower court for further proceedings.

### DISSENTING OPINION OF MR. JUSTICE CÓRDOVA DÁVILA

The plaintiff spouses, Lemuel Marqués and Dolores Campillo, brought the present action in the District Court of San Juan on February 15, 1933, and they allege that the corporation Heirs of Pedro Giusti, Inc. on November 29, 1932, had brought in the District Court of San Juan against the present plaintiffs, civil case No. 17771, which was a summary foreclosure proceeding to recover a mortgage debt constituted in favor of Pedro Giusti by said spouses, to secure a loan of $5,000, interests and costs; that said mortgage was consigned in a deed before a notary executed in March 11, 1926; that said mortgage was a lien on a house of the spouses Marqués Campillo situated in San Juan, ward of Santurce; that the same day the complaint was filed the District Court of San Juan issued an order demanding payment from the debtors which order was served on them on December 3, 1932, by the Marshal of said district court; that on January 31, 1933, the mortgaged property was sold at auction and was adjudicated to the creditor for the amount of $3,500 in partial payment of the mortgage debt.

It is further alleged in the complaint that the copy of the deed presented in case No. 17771 as one of the necessary documents for the issuance of the demand for payment and which the district judge had before him when authorizing the demand for payment, is not a public document because it lacks the signature of Alfredo Vera, a witness to the instrument. The prayer is that the mortgage foreclosure be declared null and so also the title of the creditor corporation obtained from the marshal on the mortgaged property and

the record of it in the Registry of Property. The complaint was accompanied by a certified copy of the copy of the mortgage deed, found in the foreclosure proceeding, issued by the Clerk of the District Court of San Juan.

These are, briefly, the facts alleged in the complaint, as they are stated in his brief by attorney for plaintiffs.

The defendant filed a demurrer against the complaint on the ground that the same did not state sufficient facts to constitute a cause of action. This demurrer was sustained by the court and the plaintiffs were allowed ten days to amend the complaint which they refused to do, and requested that judgment be rendered, to which the lower court agreed.

The only error charged to the lower court consists in having considered valid the foreclosure proceeding brought by the Heirs of Pedro Giusti, Inc., against the spouses Marqués Campillo although said foreclosure was based on a null title.

Appellants start from a wrong premise. The foreclosure proceeding has not been declared valid, but only that its nullity does not arise from the facts alleged. In accordance with this opinion the court *a quo* granted to plaintiffs a period of ten days to amend their complaint, which was refused. The foreclosure proceeding may be null and, however, the facts causing the nullity may not appear from the allegations. The lower court based its conclusions on the fact that from the face of the complaint it does not appear that the original deed was not signed by the witnesses required by law and that the omission of a signature in the copy does not annul the mortgage contract if as a matter of fact it exists in the original deed. The lower court understands that the defect assigned by plaintiffs creates a cause of action if it arises from the original document and it is so alleged in the complaint; but that there is no cause of action if the name of the witness as signer of the deed is erroneously omitted from the copy.

Appellants, on the contrary, maintain that although the original deed has the signatures of the two witnesses to the instrument, as the copy found in the record upon which the judge acted has only one, the proceeding is null. Plaintiffs, it seems, disregard the original deed and base the action exclusively on the copy of the same found in the record. The original deed may or may not be valid. If it is, the cause of action is not affected, for in the opinion of plaintiffs the foreclosure proceeding brought is void, not because of the original deed, but of a copy which does not fulfill the requirements of the law; if it is not, so much the better for them, as it strengthens their position.

In a demurrer, appellants maintain, the truth of the facts alleged in the complaint is admitted, and so in this case it must be admitted that in the copy of the mortgage deed found in the record of the foreclosure proceeding the signature of the witness Alfredo Vera did not appear. Further, appellants state that they attached a literal copy to the complaint, issued by the Clerk of the District Court of San Juan, legal custodian of the same.

During the oral argument of this case, appellant stated that nowhere in the document the notary appears certifying that the witness Alfredo Vera had signed the deed. Appellants, in our judgment, are in error. From the copy of the original document which accompanied the complaint, we copy the following:

"So it is, said and executed by the appearing parties and in the presence of the witnesses of legal age and of this vicinity *Mr. Alfredo Vera and Mr. Ramón Nieves*. I have read the present deed to the appearing parties and to the witnesses and have warned them of the right they have to read it themselves; it is accepted by the former and signed by all. To all of which and to what is expressed or contained in this public instrument, I the Notary, certify."

Interpreting the above paragraph, it is clear, in our judgment that the notary certifies to the following:

*a.* That the appearing parties Lemuel Marqués Abrams and his wife, and Mr. Pedro Guisti execute the deed before him and in the presence of the witnesses of legal age of this vicinity, *Mr. Alfredo Vera and Mr. Ramón Nieves.*

*b.* That he read the deed to the appearing parties and to the witnesses, warning them of the right they had of reading it themselves.

*c.* That is was accepted by the former, that is the appearing parties, and signed by all, that is, the appearing parties and the witnesses.

The words "to all of which" and "to what is expressed or contained in this public instrument I the notary certify" can not be more explicit. The words "to all of which" refer to the preceding declarations, and the latter words to the instrument in general. It is true that the body of the instrument necessarily precedes the signatures of the appearing parties and the witnesses; but it is none the less true that the notary is the last one to sign and that when he does he certifies as a notary for the truthfulness of the facts contained in the document. Immediately following the words "I certify" the following appears in the copy of the deed:

"Signed: Lemuel Marqués.—Dolores Campillo de Marqués.—Pedro Giusti.—Ramón Nieves Alicea.—(Signed, marked, sealed, and paraphed) Celestino Iriarte, Jr.— . . . It is a true and exact second copy of its original found in my protocol of the year 1926 to which I refer.—In view thereof and at the request of the Heirs of Pedro Giusti, I issue the present at San Juan, Puerto Rico, this 25th day of October of the year 1932."

Appellants base their contention that the signature of Alfredo Vera does not appear on this last part of the copy of the deed. Everything indicates, however, that it is only an error in the copy. The attitude of plaintiffs tends to affirm the conclusion of the lower court. If the error assigned appears also in the original deed, plaintiffs would not have requested that judgment be rendered against them, when they could have easily established a cause of action, making use of the permission allowed by the court to amend the com-

plaint. Far from doing so, they rested on their allegations and took the present appeal. These actions in which the nullity of a proceeding is sought must be protected by good faith and motivated by equity. There is no doubt in this case of the debt contracted by plaintiff. Even though the signature of Alfredo Vera does not appear in the original deed, the truth is that it was executed before a notary and that it has the solemnity of an authentic document. The debtor of an obligation which is due and who seeks the nullity of a proceeding after the judgment has been executed and by which he was sentenced to pay said obligation, must present to the court all the facts necessary to produce the nullity, and must act with clean hands required by the principle of equity. From the moment he conceals the facts, he can not say that he is acting with clean hands. If the defect appears in the original deed it must so be plainly alleged and if said defect does not exist the aid of the courts must not be asked to annul a judgment, because a simple error was made in the copy. In our judgment the lower court acquired jurisdiction to issue the demand for payment. Before issuing the order, the court considered the initial petition, the certificate of the registrar and the copy of the deed. So that besides the notarial certificate stating that all the witnesses had signed the instrument, there is the certificate of the registrar, who would not have recorded the mortgage deed if it had not been shown that the same had all the legal requisites.

In the opinion of the majority it is said that at the end of the deed the notary certifies that he read it to the appearing parties and to the witnesses and that the former accepted it and was signed by all; but it adds "that such statement did not destroy the fact that it did not appear from said copy that the deed was signed by the witness Alfredo Vera, more so when said statement is made by the notary before the deed has been signed, which signatures appear after said statement of the Notary." This argument, in our judgment, can not be accepted. The notarial certificate would be worth-

less unless favored by the presumption that the notary before signing tries to be convinced of the certainty of all the statements contained in the deed. The signature of the notary, which is the last one to the instrument, constitutes an acknowledgment and ratification of all that has been previously said under his notarial certificate.

We agree with the opinion of the majority in that a defective deed by incompetency of the notary or by other defect in its form, will be considered as a private document if it has been signed by the parties. But how do we know that the original deed in this case is defective? This is a fact of which we have no knowledge for it is not alleged in the complaint and because the plaintiffs when refusing to amend the complaint have deprived us of the opportunity of knowing the truth. The fact that the copy is defective does not mean that the defect appears in the original deed, specially when the notary has certified that the witnesses signed the instrument.

According to the opinion of the majority although the original deed has the signature of the two witnesses and complies with all the legal requisites, the foreclosure proceeding is null because the notary committed an error in the copy when transcribing the original document. This is a case in which plaintiffs contracted an obligation recognized in an authentic document and in which they have suffered no injuries by the collection of the debt contracted by them by the foreclosure proceeding. The ends of justice have been achieved; the creditor has recovered the debt by judicial action and yet if the original deed is valid, all the steps taken in a mortgage foreclosure proceeding are declared null for a mere error in the copy, and the defendant is compelled to bring a new foreclosure proceeding to recover the same obligation. The mortgage creditor who is submitted to all these inconveniences and trouble may cure the defect in a new foreclosure proceeding by the mere formality of going back to the notary and obtaining a new copy where the omis-

sion is cured. In our judgment it is going too far to compel a creditor to take again the same legal steps he has already taken because he made an error which has caused no harm to his debtor.

We believe that the judgment of the lower court should have been affirmed.

I am authorized to say that Mr. Chief Justice Del Toro concurs in this opinion.